IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| HILLARY RANDALL | : | |
| | : | |
| v. | : | Civil Action No. DKC 2006-2299 |
| | : | |
| CREATIVE HAIRDRESSERS, INC. | | |
| ET AL. | : | |

**MEMORANDUM OPINION**

Presently pending in this race discrimination case is a motion by Plaintiff, Hillary Randall, to remand the case to the Circuit Court for Baltimore County, Maryland. Plaintiff filed a complaint in the Circuit Court for Baltimore County against Creative Hairdressers, Inc. (CHI), Ratner Companies ("Ratner"), and Rhonnet Moore. CHI and Ratner removed the action to this court on September 1, 2006, asserting federal question jurisdiction. They also moved to dismiss the complaint, asserting that Plaintiff, a child of approximately 12 years of age, lacks capacity to sue, and that Plaintiff has not stated a claim in any event.[1] That motion remains unopposed, although Plaintiff has moved to stay consideration of the motion. Rhonnet Moore has also moved to dismiss based on lack of capacity and insufficiency of process, but that motion is not yet fully briefed.

---

[1] Plaintiff has recently filed an amended complaint, (paper 16), in which the Plaintiff is named as Darlene Randall, as mother and next friend of Hillary Randall.

Plaintiff filed a motion to remand, asserting that the copy of the complaint served on Defendants was not a copy of the complaint actually filed in the circuit court.  The complaint as filed does not contain a federal cause of action.  CHI and Ratner oppose the motion to remand, asserting in part that removal jurisdiction exists due to diversity of citizenship.  After briefing on this motion was completed, Plaintiff filed an amended complaint that asserted an additional claim of negligence against Rhonnet Moore. For the reasons set forth below, CHI and Ratner will be directed to supplement their briefing as to whether Plaintiff's claim of negligence against Rhonnet Moore necessitates that this case be remanded to the Circuit Court for Baltimore County.

It is well-settled that the removing party bears the burden of proving proper removal.  *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-2 (D.Md. 1997) (internal quotation omitted); *see also Mulcahey*, 29 F.3d at 151.

The complaint recites that, on February 24, 2004, Darlene Randall, a resident of Maryland and an African-American, took her

daughter, Hillary, to the Owings Mills Hair Cuttery for a wash and blow dry.  The price on the posted board for that service was $14.00.  Rhonnet Moore, alleged to be a resident of Maryland and an employee in a Hair Cuttery salon, asked if she could help.  When told that Plaintiff wanted her hair washed and blow dried, she replied that she would have to check the prices.  Allegedly she said "We have different prices for ethnic hair." (Paper 9, Ex. 1, at 3).  Ultimately, the price was $23.00, which was paid.  Ms. Moore, according to the complaint, turned to another operator and said: "She is trying to be white."  (*Id.*)

Plaintiff's original complaint alleged (1) negligence in the selection of employees, (2) racial discrimination in violation of Baltimore County Code, Art. 29, Sections 29-2-301 and 302, and (3) class action allegations.  Plaintiff filed an amended complaint on November 28, 2006 that also asserts a negligence claim directly against Rhonnet Moore for failing to abide by any anti-discrimination training or policies and discriminating against Plaintiff based on race.  (Paper 16, at 6-7).

The removing parties have the responsibility to file with the clerk of this court **all** papers filed in the circuit court.  Local Rule 103 provides, in part:

> 5. Removal
>
> a. Certification of Filing of State Court Documents

> Any party effecting removal shall file with
> the notice true and legible copies of all
> process, pleadings, documents and orders which
> have been served upon that party. **Within 30
> days thereafter the party shall file true and
> legible copies of all other documents then on
> file in the state court, together with a
> certification from counsel that all filings in
> the state court action have been filed in the
> United States District Court.** In cases subject
> to electronic filing, the copies shall be
> filed in accordance with the electronic filing
> procedures adopted by the Court.

Thus, if the complaint filed with the Notice of Removal is not the complaint filed in the circuit court, it is Defendants who have the responsibility to correct the record. Plaintiff has notified the court that the complaint actually filed is the one attached to her motion to remand as exhibit 1, and that will be addressed as the operative complaint. It does not contain a federal cause of action and, on its face, does not reflect that the parties are diverse. Both Plaintiff and Ms. Moore are said to be citizens of Maryland. CHI and Ratner contend, however, that they properly removed the case because (1) count one involves a negligence claim between diverse parties with an amount in controversy of $450,000 and (2) the presence of the unserved non-diverse defendant does not destroy the right of the other defendants to remove.

The first ground, that one of the claims is between diverse parties, is without merit. Removal jurisdiction applies to an "action" and not to a count or claim. 28 U.S.C. § 1441(a). It is only when removal jurisdiction is based on federal question

4

jurisdiction under 28 U.S.C. § 1331 that supplemental state law claims may be removed.  Diversity jurisdiction only exists when all parties are diverse, whether served or not.

Defendants argue, alternatively, that Ms. Moore should be ignored for jurisdictional purposes because Plaintiff has no reasonable basis for her claims against that defendant, invoking the fraudulent joinder doctrine:

> The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992) (cited in *Marshall* [*v. Manville Sales Corp.*], 6 F.3d [229, ] 233 [(4th Cir. 1993)]); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). Under this doctrine, a district court can assume jurisdiction over a case even if, inter alia, there are nondiverse named defendants at the time the case is removed. *Marshall*, 6 F.3d at 232-33; *Cobb* [*v. Delta Exports, Inc.*], 186 F.3d [675, ] 677 [(5th Cir. 1999)]. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Cobb*, 186 F.3d at 677-78. Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction-including after the case has been removed.

*Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)(footnotes omitted).

To establish that a non-diverse defendant has been fraudulently joined, the removing party must establish that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Mayes*, 198 F.3d at 464 (quoting *Marshall*, 6 F.3d at 232). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232-33 (quoting *Poulos*, 959 F.2d at 73). In determining whether joinder is fraudulent, the court is "not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling and Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). *See Riverdale Baptist Church v. Certainteed Corp.*, 349 F.Supp.2d 943 (D.Md. 2004).

Rhonnet Moore is sued in Count II of both the complaint and the amended complaint, alleging a violation of the Baltimore County Anti-Discrimination Ordinance.[2] CHI and Ratner contend that there

---

[2] Plaintiff has recently filed what she purports to contain a return of service as to Ms. Moore. The summons, however, does not appear to have been issued by the clerk of this court as required by Fed.R.Civ.P. 4 (a): "The summons shall be signed by the clerk, bear the seal of the court . . . ." Plaintiff's attorney appears to

is no possibility that Plaintiff could state a claim against Ms. Moore based on this count because the county ordinance does not create a private right of action outside of the employment-discrimination context.

Baltimore County, Md. Code § 29-2-302 prohibits discrimination in the provision of goods or services held out for public consumption: "An owner, operator, or agent of an owner or operator of a public accommodation may not engage in discrimination in denying a person any of the accommodations, advantages, facilities, or privileges of a public accommodation." This provision does not expressly create any private right of action, and the Baltimore County Code provides for only an administrative action to enforce the provisions of section 29-2-302. *See* Baltimore County, Md. Code §§ 29-3-101, 29-3-103. Furthermore, a Maryland county cannot create a private discrimination cause of action, because such a county-created private right of action would violate the home rule provisions of the Maryland Constitution. *McCrory Corp. v. Fowler*, 319 Md. 12, 24 (1988) ("an ordinance attempting to combat employment discrimination by creating a new private judicial cause of action is not a 'local law' under Article XI-A of the Maryland Constitution, and thus is not within the power of Montgomery County

---

have prepared the summons, but did not present it to the clerk for issuance as suggested in Rule 4(b). Ms. Moore has moved to dismiss based on lack of personal jurisdiction and insufficiency of process due to this deficiency. (Paper 15, at 2-4).

to enact"), *superceded by statute on other grounds*, Md. Ann. Code art. 49B, § 42, *as recognized in* 379 Md. 278, 292 (2004). Maryland state statutes enacted in the wake of *McCrory Corp.* do create a private discrimination cause of action based on the Baltimore County Code, as well as under county anti-discrimination ordinances in Montgomery, Prince George's, and Howard counties. Md. Ann. Code art. 49B, §§ 40-43. The anti-discrimination cause of action authorized based on the Baltimore County Code, however, unlike those for Montgomery, Prince George's, and Howard counties, is explicitly limited, by Md. Ann. Code art. 49B, § 43, to a cause of action for employment discrimination brought against a qualifying employer. Md. Ann. Code art. 49B, § 43 provides:

> (a) In Baltimore County, in accordance with this subtitle, a person who is employed by an employer with fewer than 15 employees and who is subjected to an act of discrimination prohibited by the County code may bring and maintain a civil action against the employer who committed the alleged discriminatory act for civil relief as provided under subsection (c) of this section.
>
> (b)(1) An action under subsection (a) of this section shall be commenced in the circuit court for Baltimore County not later than 2 years after the occurrence of the alleged discriminatory act.
>
> (2) Subject to the provisions of paragraph (1) of this subsection, an action under subsection (a) of this section may not be commenced sooner than 60 days after the aggrieved person files a complaint with the County agency responsible for handling violations of the County discrimination laws.

Plaintiff is not eligible to bring any claim for public accommodation discrimination against Ms. Moore based on this provision because she does not allege that Ms. Moore is her employer. Furthermore, the broader cause of action for discrimination created by Md. Ann. Code art. 49B, § 42 is not available, because it applies only to discrimination that occurs in Prince George's, Montgomery, and Howard counties.

Count I of Plaintiff's original complaint also failed to state a claim against Ms. Moore for negligence. Plaintiff's allegations in Count I of the original complaint alleged negligent hiring, retention, training, and supervision by CHI and Ratner, but did not state any claim that Ms. Moore acted negligently. (Paper 9, Ex. 1, at 6-7).

Plaintiff has filed an amended complaint, pursuant to Fed.R. Civ.P. 15(a), that directly asserts a negligence claim against Ms. Moore for failure to follow any anti-discrimination training or policies and for discriminating against Plaintiff. CHI and Ratner filed their reply in opposition to Plaintiff's motion to remand before the amended complaint was filed, and thus have not had the opportunity to address Plaintiff's negligence claim against Ms. Moore. As a result, CHI and Ratner will be directed to supplement their briefing within 14 days with any arguments as to why Plaintiff's negligence claim in Count I of the amended complaint

does not require remand to the Circuit Court for Baltimore County
due to lack of complete diversity.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge