IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HILLARY RANDALL                    :
                                   :
                                   :
    v.                             :     Civil Action No. DKC 2006-2299
                                   :
CREATIVE HAIRDRESSERS, INC.        :
  ET AL.                           :

**MEMORANDUM OPINION**

Presently pending in this race discrimination case is a motion by Plaintiff, Darlene Randall, to remand the case to the Circuit Court for Baltimore County, Maryland.[1]  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will deny Plaintiff's motion, and will dismiss the claims asserted by Plaintiff against Defendant Ronette Moore in both the original complaint and the amended complaint.  Count II of Plaintiff's complaint will also be dismissed for failure to state a claim.  The motions to dismiss filed by Ms. Moore and by Defendants Creative Hair Inc. (CHI) and Ratner Companies ("Ratner") will be denied as moot.

The factual background and procedural history of this case are set forth in greater detail in the court's December 1, 2006

---

[1] Plaintiff's complaint initially named Hillary Randall as Plaintiff, but the amended complaint now names Darlene Randall, as "mother and next friend of Hillary Randall" as the sole named Plaintiff.  The complaint is styled as a class action, although no motion for class certification has yet been filed.

Memorandum Opinion (paper 19, at 1-3), and are summarized below. Plaintiff claims that she was charged more for hair styling services because of her race at a Hair Cuttery salon operated by Defendants.  Plaintiff filed a complaint in the Circuit Court for Baltimore County against CHI, Ratner, and Ms. Moore, alleging (1) negligence in the selection of employees, (2) racial discrimination in violation of Baltimore County Code, Art. 29, Sections 29-2-301 and 302, and (3) class action allegations.  CHI and Ratner removed the action to this court on September 1, 2006.[2]  Plaintiff has since filed a motion to remand, and subsequently, an amended complaint.[3]  On December 1, 2006, the court determined that under the fraudulent joinder doctrine, Plaintiff's original complaint could not possibly state any claim against Ms. Moore, (paper 19, at 6-9) and ordered CHI and Ratner to "supplement their briefing in opposition to Plaintiff's motion to remand (paper 9) with any arguments as to why Plaintiff's negligence claim in Count I of the

---

[2] As set out in more detail in the court's December 1, 2006 Memorandum Opinion (paper 19), Defendants initially sought removal based on federal question jurisdiction because the copy of the complaint served on them mistakenly included a federal claim that was not included in the copy of the complaint filed by Plaintiff before the state court.  Defendants also argue that this court has diversity of citizenship jurisdiction.  Ms. Moore and Plaintiff are both residents of Maryland, but Defendants argue that Ms. Moore's status as a Defendant can be ignored under the fraudulent joinder doctrine.

[3] Motions to dismiss filed by CHI and Ratner (paper 5) and Ms. Moore (paper 15) are also pending.  As explained below, both motions will be denied as moot.

2

amended complaint does not require remand. . . ." (Paper 20). Plaintiff's motion to remand and subsequent amended complaint must be analyzed separately, to determine whether Ms. Moore was fraudulently joined in the original complaint, and, if so, whether Plaintiff should be allowed to amend the complaint subsequent to removal to join Ms. Moore as a Defendant.

**I.   Fraudulent Joinder**

As the United States Court of Appeals for the Fourth Circuit has explained:

> The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992) (cited in *Marshall* [*v. Manville Sales Corp.*], 6 F.3d [229, ] 233 [(4th Cir. 1993)]); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). Under this doctrine, a district court can assume jurisdiction over a case even if, *inter alia*, there are nondiverse named defendants at the time the case is removed. *Marshall*, 6 F.3d at 232-33; *Cobb* [*v. Delta Exports, Inc.*], 186 F.3d [675, ] 677 [(5th Cir. 1999)]. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Cobb*, 186 F.3d at 677-78. Since the fraudulent joinder doctrine justifies a federal court's initial assumption of diversity jurisdiction, it has no effect once the district court actually possesses jurisdiction-including after the case has been removed.

*Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)(footnotes omitted).  To establish that a non-diverse defendant has been fraudulently joined, the removing party must establish that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts.  *Mayes*, 198 F.3d at 464 (quoting *Marshall*, 6 F.3d at 232).  "The burden on the defendant claiming fraudulent joinder is heavy:  the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor."  *Marshall*, 6 F.3d at 232-33 (quoting *Poulos*, 959 F.2d at 73).  In determining whether joinder is fraudulent, the court is "not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'"  *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling and Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).  *See Riverdale Baptist Church v. Certainteed Corp.*, 349 F.Supp.2d 943 (D.Md. 2004).

The Fourth Circuit has never considered whether post-removal amendments to the complaint can be considered in evaluating allegations of fraudulent joinder.  Other courts to consider the question have held that "[t]he determination of whether a resident defendant has been fraudulently joined *must be based upon the*

4

*plaintiff's pleadings at the time of removal*, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis changed from original) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)), *accord Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) ("Post-removal filings may not be considered . . . to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995))). The *Cavallini* court articulated a persuasive rationale for this doctrine:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini*, 44 F.3d at 264 (footnote omitted). Such a rule also finds support in the longstanding proposition that the validity of removal must be determined based on the complaint as filed in the state court. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

5

Courts in this circuit have observed that "the right of removal is 'at least as important as the plaintiff's right to the forum of his choice[,]' . . . [and] should not be 'easily overcome by tactical maneuvering by plaintiffs.'" *Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F.Supp.2d 597, 600 (E.D.Va. 2006) (quoting *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927-28 (4th Cir. 1992)).

Furthermore, the Fourth Circuit's reasoning in *Mayes* implies acceptance of the proposition that fraudulent joinder allegations in the context of removal should be resolved based on only allegations contained in the complaint as filed in state court prior to removal. The *Mayes* court analyzed a complaint amended after removal to add a non-diverse party under the fraudulent joinder doctrine by analogy, but noted that a post-removal amendment is not directly subject to such analysis. *Mayes*, 198 F.3d at 463. This line of reasoning implies that fraudulent joinder and the propriety of removal would be determined based on the complaint as removed from state court.

As articulated in the court's December 1, 2006 Memorandum Opinion (paper 19), Plaintiff's original complaint cannot possibly state a claim against Ms. Moore. Count I of the complaint fails to plead any negligence or duty on the part of Ms. Moore, as opposed to CHI and Ratner, and thus cannot support any claim against her. Count II fails to state a claim upon which relief could be granted as to any Defendant, because Maryland law does not create a private

right of action for violation of the Baltimore County's ordinances banning public accommodation discrimination.[4]  Finally, count III of Plaintiff's original complaint does not state any independent cause of action, but instead recites the factual basis for Plaintiff's decision to style the complaint as a class action. Therefore, Ms. Moore is fraudulently joined in the original complaint, and the court will ignore Ms. Moore's citizenship for jurisdictional purposes, take jurisdiction over the case, and dismiss Plaintiff's claims in the original complaint as to Ms. Moore.  See *Mayes v. Rapoport*, 198 F.3d 457, 461 (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)). Accordingly, Ms. Moore's motion to dismiss (paper 15) will be denied as moot.

As explained more fully in this court's December 1, 2006 Memorandum Opinion, and as summarized above, count II of Plaintiff's complaint and amended complaint fails to state a claim against Ms. Moore because the Baltimore County Code cannot create such a private right of action and Maryland law does not create

---

[4] As explained more fully in the court's December 1, 2006 Memorandum Opinion, Maryland statutes create a cause of action for employment discrimination in violation of Baltimore County ordinances, Md. Ann. Code art. 49B, § 43, and for broader discrimination in violation of county ordinances in Howard, Prince George's, and Montgomery Counties, Md. Ann. Code art. 49B, § 42. However, none of these provisions authorize a private right of action for public accommodation discrimination in Baltimore County, and the Baltimore County Code cannot create a private right of action apart from statutory authorization by the state of Maryland. See *McCrory Corp. v. Fowler*, 319 Md. 12, 24 (1988).

one.  Because the claim raised by Plaintiff does not exist as a matter of law, Plaintiff also fails to state a claim as to CHI and Ratner in count II of the complaint and amended complaint. Therefore, Plaintiff's claims in count II will be dismissed as to all Defendants.

**II.  Amendment to Join Ms. Moore as a Party**

Because the court will dismiss Plaintiff's claims in the original complaint against Ms. Moore under the fraudulent joinder doctrine, Plaintiff's allegations as to Ms. Moore in the amended complaint will be construed as an attempt to join her as a nondiverse party to a case removed pursuant to the court's diversity of citizenship jurisdiction.  Ordinarily 28 U.S.C. § 1447(e) allows a district court discretion to grant or deny such a request: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Even though Plaintiff's complaint was properly filed without leave of court pursuant to Fed.R.Civ.P. 15(a), this court "has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e)."  *Mayes*, 198 F.3d at 462 n.11.

Whenever joinder of a nondiverse party would destroy diversity of citizenship jurisdiction over a previously removed case,

> the actual decision on whether or not to permit joinder of a defendant . . . is

>           committed to the sound discretion of the
>           district court. . . .  In exercising its
>           discretion under Section 1447(e), [a] district
>           court [i]s entitled to consider all relevant
>           factors, including: "the extent to which the
>           purpose of the amendment is to defeat federal
>           jurisdiction, whether the plaintiff has been
>           dilatory in asking for amendment, whether the
>           plaintiff will be significantly injured if
>           amendment is not allowed, and any other
>           factors bearing on the equities."  The
>           district court, with input from the parties,
>           should balance the equities in deciding
>           whether the plaintiff should be permitted to
>           join a nondiverse defendant.

*Id.* at 462-63 (quoting *Gum v. Gen. Elec. Co.*, 5 F.Supp.2d 412, 414 (S.D.W.Va. 1998)).  Applying these criteria, courts have reasoned that the first and second factors, relating to whether the purpose of amendment is to avoid jurisdiction and whether the plaintiff has been dilatory, weigh heavily in favor of denying amendment when "no attempt was made to add the nondiverse defendant until after removal" and the plaintiff can point to no other change in circumstances to justify the timing of the joinder request.  *Newman v. Motorola, Inc.*, 218 F.Supp.2d 783, 786-87 (D.Md. 2002) (citing *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (highlighting the danger of amendment to destroy jurisdiction when a plaintiff moves to add a nondiverse defendant immediately after removal)).

In *Newman*, the plaintiff sought to add a new nondiverse defendant immediately after removal, without any relevant interceding discovery and while a motion to remand was pending.

9

*Newman*, 218 F.Supp.2d at 787.  The plaintiff also failed to offer any justification for the failure to join the nondiverse party earlier in the state court proceeding.  *Id.*  The court concluded that the amendment should not be allowed because these circumstances "strongly suggest that the purpose of the amendment is to defeat federal jurisdiction" and that plaintiff was unjustified in the delay in seeking to join the nondiverse defendant.  Similar, although not identical, facts in the present case indicate that Plaintiff's amendment to join Ms. Moore as a Defendant should also be denied.

Applying the three factors identified in *Mayes* and *Newman* to the facts of this case, each of the factors weighs in favor of denying amendment.  Ms. Moore was named as a party in Plaintiff's original complaint in the Circuit Court for Baltimore County. (Paper 9, Ex. 1, at 1).  Defendants indicate, and Plaintiff does not contest, that Ms. Moore was not served until November 5, 2006, (paper 12 at 4; paper 14), after the case had been removed to this court and while Defendants' motion to dismiss (paper 5) and Plaintiff's motion to remand (paper 9) were pending.  Plaintiff's original complaint did not contain any allegations of negligence or duty as to Ms. Moore in count I, which claims negligence on the part of CHI and Ratner, and which, as discussed above, will be the only claim upon which litigation in this matter will proceed. Plaintiff did not seek to amend the complaint to add allegations

10

against Ms. Moore to count I of the complaint until November 21, 2006, after Defendants had argued in opposition to Plaintiff's motion to remand that Plaintiff failed to raise any claims against Ms. Moore in count I of the original complaint. (Paper 12, at 8-9).

There are differences between these facts and the facts of *Newman* because Plaintiff did name Ms. Moore as a Defendant in her initial complaint in state court, and it is possible that Plaintiff inadvertently failed to plead allegations of negligence as to Ms. Moore and did not realize the mistake until Defendants pointed it out.  The timing of this amendment, after removal and while Plaintiff's motion to remand to state court was pending, however, raises suspicion that Plaintiff may intend the amendment to deprive this court of jurisdiction over the case, and also raises Plaintiff's failure to adequately plead allegations known to her at the time of her original complaint.  Plaintiff failed to make allegations of duty or negligence against Ms. Moore while the action was pending in state court, amended to include allegations against Ms. Moore only after Plaintiff's motion to remand was pending, and does not indicate that any newly discovered evidence justifies her delay in making this amendment.  Therefore the first two factors weigh against allowing Plaintiff to join Ms. Moore.

The third factor, whether Plaintiff would be harmed by denying amendment, also weighs in favor of denying amendment.  Although

denying Plaintiff's amendment would force Plaintiff to forego claims against Ms. Moore or pursue those claims separately in state court, Plaintiff would be free to pursue her negligence claim against Ms. Moore in state court. Plaintiff alleges in the amended complaint that her daughter, Hillary Randall, was charged extra for hair styling services on February 24, 2004 because of Ms. Moore's negligence. (Paper 16, at 2-3). Maryland generally applies a three-year limitations period for negligence claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2002). Plaintiff will thus have an opportunity to bring such a claim in Maryland state court if the amendment is denied.

The disadvantage to Plaintiff in being forced to litigate her claims against Ms. Moore separately in state court is outweighed, based on the strong possibility that Plaintiff is moving to amend in order to destroy this court's diversity jurisdiction, by the disadvantage Defendants would face if tactical maneuvering by Plaintiff eliminated their right of removal. Furthermore, Plaintiff bears significant fault in bringing about the situation. Plaintiff initially served an incorrect copy of the complaint, which contained a federal cause of action; failed to plead any negligence allegations against Ms. Moore in the complaint actually filed in state court; and failed to correct the deficiency until after removal to this court. Accordingly, Plaintiff's claims against Ms. Moore in the amended complaint (paper 16), will be

12

dismissed without prejudice to Plaintiff's ability to pursue these claims in state court.

Defendants CHI and Ratner filed a motion to dismiss (paper 5) before Plaintiff filed the amended complaint.  Plaintiff requested that proceedings as to the motion to dismiss be stayed until after resolution of Plaintiff's motion to remand (paper 9, at 2), and as a result, Plaintiff has not yet responded to Defendants' motion to dismiss.  Subsequent developments in the case, including the revelation that the copy of the complaint upon which Defendants' motion to dismiss was based differed substantially from the copy of the complaint actually filed in state court and Plaintiff's subsequent amendment of the complaint, have rendered many aspects of Defendants' motion to dismiss moot.  Accordingly, Defendants' motion to dismiss the original complaint will be denied as moot. Defendants may file an appropriate motion with regard to Plaintiff's amended complaint.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied, and Plaintiff's claims against Ms. Moore in the complaint and amended complaint will be dismissed.  Count II of Plaintiff's amended complaint will also be dismissed.  The motions

to dismiss filed by Ms. Moore and by CHI and Ratner will be denied as moot.  A separate Order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge