IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARLENE RANDALL                    :

                                                  :

     v.                              :       Civil Action No. DKC 2006-2299

                                                  :

CREATIVE HAIRDRESSERS, INC.
 ET AL.                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are the motion of Defendants Creative Hairdressers, Inc. and Ratner Companies to dismiss for failure to state a claim (paper 26); a second amended complaint filed by Plaintiff Darlene Randall (papers 29-31); and a motion by Defendants to strike Plaintiff's second amended complaint (paper 32); and a motion for leave to file amended complaint (paper 33). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant in part Defendants' motion to dismiss, deny Defendants' motion to strike, and grant Plaintiff's motion to file the second amended complaint.

**I.  Background**

Plaintiff, an African-American, originally brought this claim as mother and next friend of her daughter Hillary Randall in the Circuit Court for Baltimore County, Maryland.[1] Defendants removed

---

[1]  This action originally named Hillary Randall as the
(continued...)

the case to this court on September 1, 2006.  Plaintiff's original complaint alleged that, because of her race, her daughter had been charged more than the listed price for hair styling services at a Hair Cuttery salon operated by Defendants on February 24, 2004. Plaintiff asserted a negligence claim against Defendants and against salon employee Rhonnet Moore, who was dismissed from this action based on the fraudulent joinder doctrine by Order entered January 12, 2007.  (Paper 25).  Plaintiff also asserted a claim based on public accommodation racial discrimination in violation of the Baltimore County Code, which was previously dismissed.  (*Id.*).

## II.  Second Amended Complaint

Plaintiff has filed a second amended complaint which seeks to add an additional count, under 42 U.S.C. § 1981, alleging intentional race discrimination in the formation of a contract. Defendants filed a motion to strike Plaintiff's second amended complaint, asserting that the second amended complaint is improperly presented because Plaintiff failed to file a motion for leave to amend, that the second amended complaint was filed in bad faith, and that the proposed amendment is futile.  Plaintiff thereafter filed a motion for leave to amend complaint.

Pursuant to Fed.R.Civ.P. 15(a):

---

[1](...continued)
Plaintiff, but after removal to this court, Plaintiff amended the complaint to name herself as Plaintiff as mother and next friend of Hillary Randall.

> [a] party may amend the party's pleading once
> as a matter of course at any time before a
> responsive pleading is served . . . .
> Otherwise a party may amend the party's
> pleading only by leave of court or by written
> consent of the adverse party; and leave shall
> be freely given when justice so requires.

Because Plaintiff has previously amended her complaint, Defendants are correct in asserting that leave of court is required for Plaintiff to file a second amended complaint.   Therefore, as Defendants point out, instead of filing the second amended complaint directly, Plaintiff should have filed a motion for leave to file the second amended complaint.   Plaintiff has not formally moved for leave to file the second amended complaint.

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."   "In fact, such leave 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)) (internal quotation and citation omitted).   The decision whether to grant leave to amend rests "within the sound discretion of the district court." *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)); *see also Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va.*, 985 F.2d 164,

167-68 (4th Cir. 1993) (noting that "the federal rules strongly favor granting leave to amend").

Defendants first argue that Plaintiff should not be granted leave to file the proposed second amended complaint based on bad faith. When Plaintiff's original state court complaint was served on Defendants, the copy of the complaint served on Defendants was not identical to the copy of the complaint filed with the state court. The complaint served on Defendants contained a claim under 42 U.S.C. § 1981. After removal, in support of her motion to remand, Plaintiff explained that Defendants were accidentally served with an inaccurate copy of the complaint, that the original complaint filed in the Circuit Court for Baltimore County did not assert a claim under § 1981, and that Plaintiff had not asserted any claim under federal law against Defendants or Ms. Moore. (Paper 9, at 1; paper 22, at 2 ¶ 4). Plaintiff also amended the complaint while the motion to remand was pending in order to plead a negligence claim directly against Ms. Moore. Defendants argue that by attempting to amend the complaint now, after her motion to remand the case to state court has been denied, to add a federal cause of action against Defendants, Plaintiff is engaged in bad faith maneuvering that justifies denial of the motion for leave to amend. As the court previously observed, Plaintiff's conduct in seeking remand at least raised the possibility that Plaintiff was attempting to evade the court's jurisdiction. (Paper 24, at 11).

4

Because Plaintiff's motion to remand has been denied, however, and Ms. Moore has been dismissed from the case, Plaintiff's state law claims against Defendants will be decided by this court.  Any past attempt by Plaintiff to avoid this court's jurisdiction is not an adequate reason to bar Plaintiff from raising a federal law claim that is related to her state law claims and arises from the same factual allegations.  The interests of justice and efficiency demand that these claims be litigated simultaneously.

Defendants also suggest that Plaintiff's claim under 42 U.S.C. § 1981 may be barred by the applicable statute of limitations. (Paper 32, at 6 n.2).  A limitations defense, however, is an affirmative defense that must be pled and proven by Defendants. *See* Fed.R.Civ.P. 8(c).  Defendants' cryptic suggestion that Plaintiff's cause of action may be time barred does not meet this standard, and does not provide an adequate basis to conclude that allowing Plaintiff to amend the complaint to assert a claim under § 1981 would be futile.  Therefore, in the interest of justice, the motion for leave to file the second amended complaint will be granted.

## III.  Motion to Dismiss

Defendants also move to dismiss Plaintiff's negligence claim, count I of the second amended complaint, arguing that Plaintiff has suffered no cognizable damages.  Alternatively, Defendants seek dismissal of Plaintiff's claim for punitive damages under count I.

**A.  Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a 12(b)(6) motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.   *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the opposing party. *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations,

*Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

"In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint.  The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action." *Abadian v. Lee,* 117 F.Supp.2d 481, 485 (D.Md. 2000) (citing *Biospherics, Inc., v. Forbes, Inc.,* 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd,* 151 F.3d 180 (4th Cir. 1998)).  When doing so, the court need not convert a Rule 12(b)(6) motion to dismiss to one for summary judgment so long as it does not consider matters "outside the pleading." *See* Fed.R.Civ.P. 12(b) ("If [on a 12(b)(6) motion to dismiss,] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."); *Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 260-61 (4th Cir. 1998).

**B.  Analysis**

In count I, Plaintiff claims that Defendants were negligent in hiring, supervising, retaining, and training employees.  Plaintiff alleges that she was charged a price higher than the listed price for services for her daughter because of race discrimination. Plaintiff claims that she suffered emotional damages, in addition

to paying the higher price, and also asserts a claim for punitive damages. Defendants argue that Plaintiff has not stated a claim upon which emotional or punitive damages could be asserted under Maryland negligence law.

Maryland recognizes a claim for negligent hiring and would also likely recognize a claim for negligent training. *Williams v. Cloverland Farms Dairy, Inc.*, 78 F.Supp.2d 479, 484 (D.Md. 1999) (citing *Evans v. Morsell*, 284 Md. 160 (1978); *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636-37 (1994)). The Court of Special Appeals of Maryland considered a claim of negligent hiring and supervision based on alleged sexual harassment of a female employee by male co-workers in *Penhollow v. Bd. of Comm'rs for Cecil County*, 116 Md.App. 265 (Md.Ct.Spec.App. 1997). In that context, the Court of Special Appeals set out the elements of the tort:

> In order to establish a claim for negligent
> hiring or retention, a plaintiff must prove
> that the employer of the individual who
> committed the allegedly tortious act owed a
> duty to the plaintiff, that the employer
> breached that duty, that there was a causal
> relationship between the harm suffered and the
> breach of the employer's duty, and that the
> plaintiff suffered damages.

*Id.* at 295 (citing *Cramer v. Hous. Opportunities Comm'n*, 304 Md. 705, 712-14 (1985)).

Maryland recognizes claims for emotional damages in two contexts. A claim for emotional damages can be pled as the tort of intentional infliction of emotional distress. This tort, among

other elements, requires that the defendant's action be either intentional or reckless.[2] *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000); *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 63 (Md.Ct.Spec.App.), *cert. denied*, 306 Md. 118 (1986).  Emotional damages can also be recovered in a cause of action based on ordinary negligence, but only when the emotional harm is objectively verifiable and adequately foreseeable.  *Dobbins v. Wash. Suburban Sanitary Comm'n*, 338 Md. 341, 347-48 (1995). Allegations of "sadness, anger, humiliation, embarrassment, [and] stress" are not objectively verifiable and do not satisfy this physical manifestation rule, but allegations of frequent headaches and vomiting caused by mental stress are sufficient.  *Hoffman v. Stamper*, 385 Md. 1, 32-33 & 38 (2005).

Plaintiff has not adequately pled her claim for emotional damages.  Plaintiff's pleading does not indicate that Defendants acted intentionally with respect to the risk of racially discriminatory conduct, as would be required for a claim of intentional infliction of emotional distress.   In addition,

---

[2]      A claim of [intentional infliction of emotional distress] has four elements: "(1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) [t]he emotional distress must be severe.".
*Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000) (quoting *Harris v. Jones*, 281 Md. 560, 566 (1977)).

Plaintiff's allegations of emotional harm are insufficiently specific to provide a basis for recovery on a negligence theory. Plaintiff alleges that "Defendants' treatment of [P]laintiff was improper and unacceptable, and caused Plaintiffs [sic] to suffer severe and extreme emotional distress and anguish. . . . Plaintiff was extremely embarrassed, felt belittled and was otherwise injured and damaged." (Paper 31, at 7, ¶¶ 37 & 39). These allegations are not sufficiently concrete or objectively verifiable to be claimed under the negligence tort. See *Hoffman*, 385 Md. at 32-33, 38. Plaintiff's claims for emotional harm will be dismissed.

Plaintiff's claim for punitive damages under count I also fails. It is well settled that Maryland recognizes claims for punitive damages in a tort action only if the wrongful conduct was undertaken with actual malice, and actual malice must be proven by clear and convincing evidence. *Bowden v. Clador, Inc.*, 350 Md. 4, 23-24 (1998). Actual malice includes "conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will, or fraud." *Id.* at 23. (quoting *Scott v. Jenkins*, 345 Md. 21, 33 (1997)). Actual malice cannot be implied from gross negligence or inferred from an element of the tort. *Id.* Although racial animus can be sufficient to satisfy the requirement of actual malice, "[t]here must be a connection between the form of actual malice that is alleged by the party seeking punitive damages and the elements of the tort or torts that form the basis of the claim."

*Tierco Md., Inc. v. Williams*, 381 Md. 378, 415 n.29 (2004).   In *Tierco*, the Court of Appeals of Maryland concluded that even if amusement park ride operators refused to allow one plaintiff onto a ride based on racial animus, this racial animus could not serve as actual malice to support punitive damages in Plaintiff's claims that the park's security guards subsequently committed tortious false imprisonment, assault, and battery.   The case was remanded for a new trial, but the court cautioned that punitive damages would be appropriate only if the park security officials who allegedly committed intentional torts against Plaintiffs acted with actual malice.   *Id.*

Plaintiff has not alleged that the asserted tortious conduct in this case, Defendants' allegedly negligent hiring, retention, supervision, and training of employees, was undertaken due to racial animus.   Instead she alleges only that Defendants acted negligently.   (Paper 31, at 6-7).   Even if Defendants' employees charged a higher price to style Plaintiff's daughter's hair because of racial animus, punitive damages against Defendants based on count I would not be justified.   The employees' actions and motivations are not connected to the negligent acts of hiring, supervision, training, and retention alleged as the basis for count I.   *See Tierco*, 381 Md. at 415 n.29.   Plaintiff also argues that punitive damages may be possible pursuant to federal law under Plaintiff's § 1981 claim in count III of the second amended

complaint.  Because Defendants have not argued that count III fails to state a claim upon which relief can be granted, this argument need not be considered.

Neither party, however, has briefed the issue of whether the additional charge for styling Hillary Randall's hair, which Plaintiff alleges was charged because of her race, constitutes legally cognizable damage upon which Plaintiff could maintain her negligence claim.  Because this action will go forward with respect to Plaintiff's allegations under 42 U.S.C. § 1981 in count III of the second amended complaint, Defendants' motion to dismiss count I will be granted in part with respect to Plaintiff's claims for punitive and emotional damages, but will otherwise be denied.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss count I will be granted in part.  Defendants' motion to strike the second amended complaint will be denied.  Plaintiff's motion for leave to file the second amended complaint will be granted.  Defendant will be directed to respond to the second amended complaint within 10 days.  A separate Order will follow.


                    _____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge